IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL J. COOK, # M-18612,                     ) | |
|                                         **Plaintiff,**    ) | |
| vs.                                                                  ) | Case No. 14-cv-00120-JPG |
| DR. L. OVERALL, DR. HENDERSON,     ) <br> DR. NEWBOLD, DR. CRAIG,                     ) <br> WEXFORD HEALTH SOURCES,               ) <br> DR. JOHN DOE #1,                                    ) <br> and DR. JOHN DOE #2,                             ) | |
|                                   **Defendants.**  ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Cook, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He is serving a 35-year sentence for murder. Plaintiff now sues seven defendants, including Wexford Health Sources ("Wexford") and six Menard dentists, for failing to provide him with adequate dental care. He seeks declaratory judgment and monetary damages (Doc. 1, p. 30).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Specifically, the complaint alleges that Plaintiff began suffering from pain he attributed to a wisdom tooth in May or June 2011 (Doc. 1, p. 13). For almost two years thereafter, Plaintiff regularly asked Menard's dental staff to extract the problem tooth (Doc. 1, pp. 13-29). Each time he met with the dental staff, Plaintiff described his other symptoms, including persistent pain, swollen/bleeding gums, headaches, trouble sleeping, and problems eating (Doc. 1, pp. 13-14).

The complaint alleges that six dentists at Menard denied Plaintiff's requests for wisdom tooth extraction, including Defendants Overall, Henderson, Newbold, Craig, Doe #1, and Doe #2. Defendant Overall denied Plaintiff's surgery request on June 6, 2011, and instead gave him pain medication, antibiotics, and salt (Doc. 1, p. 14). These were ineffective. Despite written requests for a follow-up appointment, Plaintiff did not see another dentist for a year. When he finally met with Defendant Henderson on October 25, 2012, the dentist failed to examine Plaintiff and instead gave him more pain medication, antibiotics, and salt (Doc. 1, p. 16). Defendant Newbold met with Plaintiff on November 9, 2012, and recommended an appointment with an oral surgeon. Defendant Doe #1, another Menard dentist, cut open Plaintiff's gums to relieve pain but failed to extract the problem tooth. The pain only increased. Defendant Craig met with Plaintiff on January 9, 2013, and Defendant Henderson met with Plaintiff on March 18, 2013. Both dentists concluded that Plaintiff's gums had not healed from the November 2012 procedure; still, they denied his request for surgery (Doc. 1, p. 20). In the meantime, Defendant Doe #2, Menard's dental director, ignored Plaintiff's written requests for oral surgery.

Plaintiff's tooth was not extracted until April 4, 2013, by an outside dental provider (Doc. 1, p. 22). Within a week, Plaintiff's stitches were removed, and his pain subsided. Within two weeks, all symptoms were gone.

Plaintiff now sues Wexford and six Menard dentists (including Defendants Overall, Henderson, Newbold, Craig, Doe #1, and Doe #2) for violating his right to receive adequate medical care under the Eighth Amendment. He also claims that Menard's grievance procedure was inadequate to address these problems. Plaintiff seeks declaratory judgment and monetary damages.

## Discussion

### Count 1 – Deliberate Indifference to Dental Needs

After fully considering the allegations in the complaint, the Court finds that the complaint states an Eighth Amendment medical needs claim (**Count 1**) against Defendants Overall, Henderson, Newbold, Craig, Doe #1, and Doe #2. The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To establish liability, a prisoner must show that the: (1) medical condition was objectively serious, and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer*, 511 U.S. at 834; *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

With regard to the objective component of this analysis, the Seventh Circuit has indicated that a dental condition may constitute a serious medical need. *Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005). In fact, according to the Seventh Circuit, "dental care is one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). Examples of "objectively serious" dental needs involve circumstances in which the failure to treat a dental condition causes an inmate to suffer an array of problems, such as headaches, extreme pain, bleeding, infected gums, and problems eating. *Id.* at 593 (citations omitted). The allegations in the complaint suggest, at this early stage, that Plaintiff's dental condition was objectively serious.

With regard to the subjective component of the analysis, the complaint must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This state of mind is deliberate indifference. Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Plaintiff is not required to establish that the officials "intended or desired the harm that transpired," but to instead show that they "knew of a substantial risk of harm . . . and disregarded it." *Greeno*, 414 F.3d at 653.

"Neither medical malpractice nor mere disagreement with a doctor's medical judgment" is sufficient to establish deliberate indifference in violation of the Eighth Amendment. *Berry*, 604 F.3d at 441 (citing *Estelle*, 429 U.S. at 106; *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). However, a prisoner is also "not required to show that he was literally

4

ignored." *Id.* at 441 (citing *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). The Seventh Circuit has held that a doctor's choice of "easier and less efficacious treatment" for a serious medical condition can amount to deliberate indifference under the Eighth Amendment. *Id.* (citing *Estelle*, 429 U.S. at 104, n.10; *Williams v. Vincent*, 508 F.2d 541 (2d Cir. 1974); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (stating that "medical personnel cannot simply resort to an easier course of treatment that they know is ineffective"); *Greeno*, 414 F.3d at 655 (noting that persistence in a course of treatment "known to be ineffective" violates the Eighth Amendment)). The complaint suggests that Defendants undertook a persistent, yet ineffective, course of treatment when they deferred the extraction of Plaintiff's wisdom tooth for nearly two years while he complained of unrelenting pain and other symptoms. Accordingly, the complaint satisfies the subjective prong of an Eighth Amendment claim at this stage. Plaintiff shall be allowed to proceed with Count 1 against Defendants Overall, Henderson, Newbold, Craig, Doe #1, and Doe #2.

However, Plaintiff cannot proceed with this claim against Wexford. Plaintiff makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). Therefore, Wexford shall be dismissed from this action with prejudice.

**Count 2 – Inadequate Grievance Procedure**

After carefully considering Plaintiff's claim that he was denied access to an adequate grievance procedure (**Count 2**), the Court finds that the complaint fails to state a claim upon which relief can be granted. As the Seventh Circuit has stated, "any right to a grievance

procedure is a procedural right, not a substantive one." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (citations omitted). However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli*, 81 F.3d at 1430. Rather, the procedural due process right exists to ensure that prisoners and detainees can access the courts. *Id*. Plaintiff's invocation of the judicial process in this case demonstrates that Defendants have not infringed on Plaintiff's First Amendment right to petition the government for a redress of his grievances or his Fourteenth Amendment due process rights. *Id.* (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (D.C. Ill. 1982)). Therefore, Count 2 shall be dismissed with prejudice.

**Pending Motions**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which is **REFERRED** to a United States Magistrate Judge for a decision on its merits.

Plaintiff has also filed a motion for service of process at government expense (Doc. 4), which is **GRANTED** as to Defendants Overall, Henderson, Newbold, Craig, and (once identified) to Doe #1 and Doe #2. The motion is **DENIED** as to Defendant Wexford.

Finally, Plaintiff has filed a motion for leave to supplement exhibits (Doc. 7) with a signed affidavit of James Munson that replaces his previously filed unsigned affidavit. The motion is **GRANTED**.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Defendant **WEXFORD HEALTH SOURCES** is **DISMISSED** with prejudice.

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendants **OVERALL, HENDERSON, NEWBOLD,** and **CRAIG**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe #1 and #2) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 26, 2014**

s/ J. Phil Gilbert
United States District Judge
