IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL J. COOK, | ) |
|     Plaintiff, | ) |
| v. | )   Case No. 3:14-cv-00120-JPG-PMF |
| DR. L. OVERALL, et al., | ) |
|     Defendants. | ) |

REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Lillian Overall's motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. No. 38). Plaintiff Michael Cook is proceeding against Overall and others on a claim that he was deprived of his Eighth Amendment right to be free from cruel and unusual punishment at Menard Correctional Center. Specifically, Cook claims that the defendants responded to his serious need for dental treatment with deliberate indifference. In this motion, Overall seeks judgment in her favor on her affirmative defense that Cook filed this suit without first exhausting available administrative remedies. The motion is opposed (Doc. No. 45).

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997(e)(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The state's procedural rules establish the contours of the requirement. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, to exhaust, inmates must filed complaints and appeals in the place and at the time the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give prison

administrators an opportunity to address a concern. They do not need to place individual defendants on notice of an impending lawsuit. *Jones*, 549 U.S. at 218. The defendants may not demand that inmates take steps beyond those that the administrative rules require. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Similarly, inmates are not required to complete procedural steps that are effectively unavailable. *Id*.

In Illinois, the grievance procedure for offenders starts with an informal effort to resolve a concern with a correctional counselor, progresses to the institutional level, and ends with a decision by the director, who acts through the administrative review board. 20 Ill. Admin. Code §§ 504.810, 504.850.

The credible materials on file show that Michael Cook, assisted by James Munson, prepared a grievance regarding a need for treatment of Cook's tooth pain on November 15, 2012, and sent that grievance through the institutional mail system. At the time, inmate grievances were being circulated between the warden's office, the correctional counselor's office, and the grievance office (Doc. No. 39-2, p.12). When Cook did not receive a response to his November 15, 2012, grievance, he sent two additional grievances. The second grievance was sent on December 15, 2012, and the third on April 2, 2013. He received a counselor's response to the third grievance on April 22, 2013. That grievance was forwarded to the grievance office, where it was received on May 3, 2013. On June 27, 2013, grievance officer Lori Oakley recommended that the April 2, 2013, grievance be denied, in part because she found no record of the previous two grievances and in part because the dental issue had been resolved. The warden adopted this dual recommendation on July 3, 2013. An appeal to the administrative review board was received on July 29, 2013. The board initially rejected the appeal on August 7, 2013. In May, 2014, that

2

decision was reconsidered.  Cook's grievance was evaluated by the ARB on May 6, 2014, and deemed resolved.  At some point, notes were entered in the "IGRV" system (Doc. No. 39-1, p. 2).

Defendant Overall's first argument is that the November 15, 2012, grievance was untimely because it was filed almost 16 months after Cook's visit with Dr. Overall on June 22, 2011.  This position lacks merit.  While the grievance procedure imposes time limits, the ARB eventually treated Cook's grievance efforts as timely and resolved his grievance.  The Court of Appeals has recognized that federal judges should not second guess a state tribunal's decision to excuse what may be an untimely grievance.  *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011), *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).  Where, as here, prison administrators overlooked the delay and considered Cook's grievance, the grievance served its primary function of alerting the state to the problem and inviting corrective action.

Defendant Overall also draws attention to the fact that she left Menard due to a transfer to Southwestern Illinois Correctional Center on September 3, 2012.  She explains that she could not have provided care to Cook after that date.  These facts do not satisfy Overall's burden of proving the exhaustion defense.  The grievance procedure did not require Overall's participation.  The procedural steps remained the same despite the change in Overall's employment assignment.  As noted above, the purpose of the exhaustion requirement is not to ensure that Overall receives notice of Cook's concerns.

IT IS RECOMMENDED that Overall's motion (Doc. No. 38) be DENIED.

**SUBMITTED:**   March 3, 2015   .

      s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**