# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL J. COOK, M18612, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:14-cv-00120-RJD ) |
| DR. L. OVERALL, DR. HENDERSON, and DR. NEWBOLD, | ) ) ) ) |
| Defendants. | ) |

## ORDER

**DALY, Magistrate Judge:**

Before the Court is the Bill of Costs filed by defendants Dr. Lillian Overall and Dr. Steven Newbold. (Doc. 86). On March 2, 2017 summary judgment was granted in favor of the defendants[1] and judgment was entered that same day. The two defendants seek costs in the amount of $244.40. The defendants state that the $244.40 was spent to obtain a copy of plaintiff Michael Cook's deposition transcript. A copy of the deposition transcript receipt is attached at Doc. 86-1, p. 3. Plaintiff through counsel filed a response in opposition to the Bill of Costs. Plaintiff states that this suit included non-frivolous claims and that he did legitimately suffer as a result of delays in receiving dental treatment. Additionally, plaintiff states his financial prospects are bleak. He is serving a 35 year prison sentence and he was allowed to proceed *in forma pauperis* in this lawsuit. Because of his financial situation and non-frivolous claims, plaintiff argues that he should be excused from paying costs.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, Courts may award costs to the prevailing party. The term "costs" does not include attorney's fees, but is limited to

---

[1] Summary judgment was also granted in favor of defendant Dr. Henderson. He was represented by separate counsel and did not file a bill of costs.

1

"minor, incidental expenses" such as "clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 132 S. Ct. 1997, 2006, 182 L. Ed. 2d 903 (2012); *see also* 28 U.S.C. § 1920. There is a presumption that the prevailing party will be able to obtain costs, but Courts have the discretion to deny or reduce costs if the non-prevailing party is indigent. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003).

To determine whether an indigent party must pay costs, the Seventh Circuit has set forth a two part test. *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). First, the court "must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future." *Id*. (internal quote omitted). Next, "the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id*. The district court is also required to explain its reasoning when deciding to award or deny costs. *Id*.

Here, plaintiff's prison trust fund statement attached to his *in forma pauperis* form (Doc. 2, p. 4) shows that he receives approximately $10.00 per month in state pay and assorted modest cash gifts from acquaintances outside of prison. Unless plaintiff's financial circumstances have improved dramatically since he initiated this lawsuit, it is fair to say that plaintiff is incapable of paying the $244.40 in costs at this time or in the near future. Next, plaintiff appears to have filed suit in good faith. He undoubtedly suffered from a serious medical condition, and he experienced lengthy delays in receiving treatment for his wisdom tooth. Moreover, the Seventh Circuit has remarked that "dental care is one of the most important medical needs of inmates." *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005).

With all of that in mind, the undersigned finds that plaintiff is entitled to a reduction in costs. Taking into account the non-frivolous nature of this case, and the amount of costs in relation to plaintiff's financial situation, plaintiff Michael Cook is hereby ordered to pay 20% of costs ($244.40). In sum, plaintiff is ordered to pay costs in the amount of **$48.88**.

**IT IS SO ORDERED.**

**DATED:  April 21, 2017.**

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**